JASPER SINGLETON v. THE STATE.

No. 1624. Decided April 26, 1899.

**1.  Charge of Court—Bill of Exceptions.**

  A bill of exceptions to the charge of the court should state the objections and reasons for the exception.

**2.  Aggravated Assault Upon a Female—Conviction for Simple Assault.**

  A defendant can be legally convicted of a simple assault under an information charging him with an aggravated assault by an adult male upon a female. Code Crim. Proc., art. 817, subdiv. 9.

APPEAL from the County Court of Jackson. Tried below before Hon. J. O. ROWLETT, County Judge.

Appeal from a conviction of simple assault upon a female; penalty, a fine of $5.

The information charges appellant, an adult male, with an aggravated assault and battery upon Evelyn Singleton, a female. Evelyn was the wife of appellant.

Enoch Baughman testified for the State: "I was at the defendant's house that day making a noise on the organ. I can't play. Defendant drove up to the gate with his boy in the buggy with him, and also Sam Lane. He called to his wife and told her to bring him his blanket. She told him the blanket was wet, and asked him what he was doing with that boy in the buggy. He made some reply, but I did not understand what he said. His wife then told him she would bring him nothing,— 'a black son of a bitch.' I then got up and asked her what she meant, and walked out. The defendant then got out of his buggy and took his buggy whip and started into the house. I stopped him and told him

not to go in, as his wife was angry. The defendant had a terrible frown on his face. He went in anyway, and when he got in the house I heard licks struck, but can't say who was striking or who was receiving the licks; and in a few seconds his wife, Evelyn, threw a piece of the whip out of the door. I think they were both pretty hot."

The defendant, in his own behalf, testified: "At the time I am charged with having struck Evelyn I was working a couple of race horses, and was going out to the tracks to exercise them. I went to the house and asked my wife for my sweat blanket. She said the blanket was wet. I told her to bring it anyway. She then asked me what the boy was doing in the buggy. I told her that was my business. She replied, 'I won't bring you anything, you black son of a bitch.' I then got out of the buggy and started in the house after the blanket. I met Baughman, and he told me not to go in, that Evelyn was mad. I told him to get out of the way, that I knew my business, and just as I got in the door she grabbed the whip, and in the scuffle she broke the whip and was accidentally struck with it. I was not mad and did not strike her on purpose. I got the blanket and started to my buggy, and she started out to take the boy out of the buggy, and I picked her up and put her back in the house, and told her if she tried to take the boy out I would give her a reasonable correction. The boy is one of my outsiders and about 8 years old. Evelyn knew that I had this child before I married her. I used the boy to walk the horses after exercising them."

*Henry T. Chivers*, for appellant.—The court erred in its general charge to the jury, in that he had no authority to charge them that they could, under the circumstances, find the defendant guilty of simple assault, when the evidence disclosed the fact that the defendant was an adult male and the injured party a female.

The defendant could not be legally convicted of simple assault under the circumstances surrounding this case; because an assault, or an assault and battery, when committed by an adult male upon a female, becomes ipso facto an aggravated assault, and the judgment for simple assault is void and of no force. Willson's Code Crim. Proc., art. 496, subdivs. 5, 6.

The court erred in overruling defendant's motion for a new trial, because the verdict of the jury was contrary to the law and against the weight of evidence, in that if the defendant was guilty of any offense known to the law he was guilty of an aggravated assault, and the jury could not legally find him guilty of a simple assault.

There may be a conviction of simple assault ordinarily, where the defendant is charged with an aggravated assault, but not in a case of this character, where the proof is plain that the defendant is an adult male and the injured party a female. The husband is guilty of an aggravated assault if he chastises his wife. Owen v. State, 7 Texas Crim. App., 329; Jones v. State, 12 Texas Crim. App., 156.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant, under an information charging him with an aggravated assault upon his wife, was convicted of a simple assault, and his punishment assessed at a fine of $5; hence this appeal.

The court charged the jury that, if they entertained a reasonable doubt as to whether the assault was an aggravated or simple assault, they would give the defendant the benefit of the doubt and convict him of the inferior offense. A bill of exceptions was reserved to this charge. However, the objections are not stated in the bill, and we are not informed of the reasons for the exceptions. It operated beneficially to appellant, as evidenced by the verdict assessing the minimum fine for simple assault.

If appellant's idea was that he could not be convicted of a simple assault under an information charging him with aggravated assault upon a female, it is not correct. See Ross v. State, 45 S. W. Rep., 808; Code Crim. Proc., art. 817, subdiv. 9.

The evidence fully sustains the verdict of the jury, and the judgment is affirmed.

*Affirmed.*